UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELI MATHINS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: |
| THE CITY OF GRETNA, POLICE CHIEF ARTHUR LAWSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,  ANTHONY CHRISTIANA, JR. IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AND POLICE OFFICER ASHTON GIBBS IN HIS INDIVIDUAL CAPACITY | * * * * | SECT. ____, MAG.____ CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983 AND 1988 |

# COMPLAINT

### I.   JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983 and 1988. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343, the Fourth and Fourteenth Amendments to the Constitution of the United States.  Supplemental jurisdiction over claims under state constitutional and statutory law is also invoked.

### II.   PARTIES

#### (PLAINTIFF)

2. ELI MATHINS (hereinafter "MATHINS"), a person of the full age of majority and a resident of the Eastern District of Louisiana

-1-

**(DEFENDANTS)**

3. CITY OF GRETNA, made a defendant herein is a political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times the employer of the defendants, Arthur Lawson, Anthony Christiana, Jr., and Ashton Gibbs. The CITY OF GRETNA is directly liable for the acts complained of herein due to the policies, practices, procedures and customs of its police department and its employees. It is also responsible for the hiring, training, supervision, discipline and control of the named defendants herein as well as other unnamed officers and supervisors who had responsibility for the acts and omissions described herein. The defendant CITY OF GRETNA is vicariously liable for the actions of its employees as described herein, under state law.

4. ARTHUR LAWSON (hereinafter "LAWSON"), was the Chief of Police for the CITY OF GRETNA at all pertinent times herein. He was ultimately responsible for the CITY OF GRETNA'S policies, practices, customs in regards procedures as well as the hiring, training, supervision, discipline and control of police personnel under his command which include all the named defendants herein. He is of the full age of majority and upon information and belief a resident of the Eastern District of Louisiana. He is sued in his individual capacity as a supervisor and in his official capacity as the ultimate policymaker. At all pertinent times herein he was acting under color of law and in the course and scope of his employment with the CITY OF GRETNA.

5. ANTHONY CHRISTIANA, JR. (hereinafter "CHRISTIANA"), was a Supervisor with the Gretna Police Department and was the supervisor responsible for hiring, training, discipline and control of police officers for the CITY OF GRETNA including Ashton Gibbs. He is of the full age of majority and a resident of the Eastern District of Louisiana. He is sued in his individual capacity as a supervisor. At all pertinent times herein he was acting under color of law and in the course and scope of his employment with the CITY OF GRETNA.

6. ASHTON GIBBS (hereinafter "GIBBS"), is a person of the full age of majority and on information and belief a resident of the Eastern District of Louisiana. At all pertinent times herein, he was acting under color of state law and in the course and scope of his employment with the CITY OF GRETNA. He is sued in his individual capacity.

7. At all times material through this complaint, each of the defendants was acting under color of state law, ordinance and/or regulation.

### III. FACTUAL ALLEGATIONS

8. On or about August 7, 2014, MATHINS was arrested in Jefferson Parish, Louisiana by members of the Gretna Police Department. Following his arrest he was transported to the Gretna Police Department at 200 Fifth Street in Gretna, Louisiana. At the Gretna Police Department while handcuffed he was approached by the defendant, GIBBS, a Gretna police officer who while holding a firearm allegedly seized from MATHINS stated to MATHINS "Look what we found." A

dispute over ownership of the weapon followed. After an exchange of words between MATHINS and GIBBS, GIBBS suddenly and unexpectedly struck MATHINS in the face fracturing GIBBS' face bones. At the time the event occurred MATHINS was handcuffed. GIBBS' blow to MATHINS' face was unprovoked. MATHINS was handcuffed and did not in any way behave in a physically aggressive manner towards GIBBS anytime while in custody.

9. GIBBS' striking MATHINS was excessive force in violation of his Fourth Amendment right to be free from unreasonable search and seizure. It also violated his right to due process under the Fourteenth Amendment.

10. GIBBS' striking MATHINS was also a battery under state law.

11. Any reasonably well trained law enforcement officer would have known that the degree of force used by GIBBS was excessive and violated MATHINS' Fourth and Fourteenth Amendment rights.

12. As a result of the blow MATHINS sustained injuries to his eye and face including a fracture of his right zygomatic arch and right maxillary roof.

13. GIBBS' use of excessive force was motivated by his malicious desire to hurt MATHINS. The force utilized by GIBBS was completely unnecessary and by definition unreasonable and excessive under the circumstances as there was no cause to believe MATHINS posed a threat to the defendant or others.

14. After being transported to Gretna Lockup MATHINS was diagnosed with the aforedescribed injuries.

## (SUPERVISORY LIABILITY AND MONELL CLAIMS)

15. On August 7, 2014 and before it was well known by the defendants LAWSON and CHRISTINA, that the defendant, GIBBS, and other police officers in the Gretna Police Department utilized excessive force and violated the rights of individuals on a regular basis, yet they nonetheless failed to terminate them or take steps to prevent them from initiating or participating in further acts of excessive force. This omission or failure by LAWSON and CHRISTIANA resulted in MATHINS' injuries and reflects deliberate indifference on the part of LAWSON and CHRISTIANA.

16. On August 7, 2014, and before, the defendants LAWSON and CHRISTIANA failed to insist upon accountability and discipline by GIBBS and others on the police force under their command. This omission or failure resulted in a message to GIBBS and others on the force that excessive force would not be punished. This failure on the part of LAWSON and CHRISTIANA ultimately encouraged the use of excessive force which resulted in the injuries to MATHINS and reflects deliberate indifference on the part of LAWSON and CHRISTIANA.

17. At all times pertinent hereto LAWSON and CHRISTIANA were responsible for the hiring, supervision, monitoring, training, discipline, control and oversight of the activities of GIBBS who was acting under color of law and in the course and scope of his employment with the CITY OF GRETNA. LAWSON and CHRISTIANA knew or should have known that the above described failures and

omissions identified in paragraphs 15 and 16 would result in violations of civil rights.

## (MONELL CLAIMS)

18. The defendants, CITY OF GRETNA, LAWSON and CHRISTIANA, have developed and maintained policies, customs and practices exhibiting deliberate indifference to the constitutional rights of individuals in the CITY OF GRETNA. These policies caused the violation of GIBBS' rights as described herein and the resultant damages suffered. These policies, customs and practices include the following:

    A.    Failing to properly screen before hiring and failing to properly supervise, discipline, train or control police officers and supervisors under its jurisdiction and control, including the defendants.

    B.    Failing to provide adequate or reasonable training, supervision, discipline, oversight, monitoring or control of officers including the defendants herein, so that officers' conduct and treatment of citizens and visitors to the community, was not adequately monitored or supervised, there was no meaningful evaluation or scrutiny regarding the treatment of citizens by officers and supervisors were not held accountable for the action of their subordinates.

    C.    Failing to adequately or properly investigate allegations of misconduct and/or violations of law by police officers, including the defendants herein or to properly initiate or conduct investigations of officers, including the defendants herein suspected of misconduct and/or violations of law and instead tolerating the misconduct and mistreatment of citizens, including the actions of defendant officers.

D.  Failing to take reasonable and necessary steps to properly investigate, charge, maintain and defend disciplinary action for misconduct against Gretna police officers including the defendants herein so that disciplinary investigations and actions, when taken, are frequently sabotaged and undermined, with the result that they are frequently abandoned, reduced or lost on appeal with a corresponding decay and decline in professionalism, accountability and discipline in the police department, to the detriment of the civil rights of residents and visitors to the CITY OF GRETNA.

E.  Failing to keep accurate and reasonable records of incidents involving allegations of police misconduct and the investigation, handling and resolution of those incidents, in order to avoid public scrutiny and accountability as to the extent of the misconduct and the inability of the department to police itself.

F.  Failing to conduct appropriate in-service training, re-training or enhanced supervision of officers who were known or believed or suspected to have engaged in misconduct but for whom disciplinary action was not available for whatever reason, including the defendants herein.

G.  Failing to reasonably or appropriately monitor civil litigation or police misconduct revealed through criminal proceedings so as to take corrective and/or disciplinary action when necessary, including the actions of the defendant officers, supervisors and commanders.

H.  Failing to keep accurate or easily accessible records of the amount of money spent by the city in defending, settling and paying judgments in litigation involving misconduct by police personnel, so as to avoid accountability and scrutiny of the extent of the problem of police misconduct.

I. Failing to properly operate, maintain and staff an adequate "early warning system" to flag police personnel for whom there is concern regarding improper behavior or violation of citizens' rights or emotional or psychological conditions which could lead to violation of citizens' rights and to institute appropriate monitoring, supervision, training or intervention regarding said officers.

J. Failing to properly operate, maintain and staff an adequate internal investigative agency to identify, investigate and take appropriate action against police personnel when there is available information indicating the officer has violated a citizen's rights or otherwise engaged in misconduct, including but not limited to failing to keep adequate or reasonable records of citizen calls and complaints, failing to conduct meaningful investigation or analysis of patterns of misconduct, failing to conduct pro-active investigations or other appropriate or reasonable measures to protect citizens from abuse of their rights by police officers.

K. Condoning, approving and authorizing a culture and environment within the Gretna Police Department in which Gretna Police Department personnel, including the defendants herein, had the reasonable belief or expectation that their actions would not be properly monitored by supervisory or command officers and that their misconduct and/or unlawful actions would not be thoroughly investigated or sanctioned, but would be approved and tolerated.

L. Failing to adequately hold supervisory or command officers responsible for misconduct of their subordinates, in particular, the defendants herein.

**(RESPONDEAT SUPERIOR)**

19. The defendant CITY OF GRETNA was the employer of GIBBS.

LAWSON and CHRISTIANA were employees of the CITY OF GRETNA who were responsible for the screening, hiring, training, retraining, discipline, supervision and retention of this defendant yet they failed to adequately screen, train, retrain, discipline and supervise him. GIBBS required either termination, retraining, discipline and supervision as he had previously utilized excessive force and/or committed unjustified batteries on individuals in his custody. MATHINS' injuries were the result of this failure on the part of LAWSON, CHRISTIANA and the CITY OF GRETNA. As such, the CITY OF GRETNA would be liable to MATHINS for the injuries directly caused by GIBBS and indirectly caused by LAWSON and CHRISTIANA under the theory of respondeat superior.

20. As a result of the actions of the defendants described herein, MATHINS has sustained permanent disability, disfigurement, pain and suffering, emotional distress, loss of enjoyment of life, mental anguish, and past, present and future medical expenses.

21. All of the actions by the defendants described herein took place under color of law and within the course and scope of their employment with the CITY OF GRETNA.

### IV.  CAUSES OF ACTION

22. Petitioner, MATHINS, re-alleges paragraphs 1-21.

**(EXCESSIVE FORCE IN VIOLATION OF FEDERAL CIVIL RIGHTS)**

23. The actions of the defendant, GIBBS, in assaulting, seizing and using excessive force against MATHINS violated the rights of MATHINS as guaranteed under the Fourth and Fourteenth Amendments to the United State Constitution, to be free from unreasonable search and seizure, to due process and to be free from the unjustifiable and excessive use of force, all in violation of 42 U.S.C. 1983.

**(MONELL CLAIMS)**

24. The federal constitutional violations and injuries to petitioner identified in part in paragraphs 15, 16, 17, 18 A through L, 20 and 21 were directly and proximately caused by customs, policies and practices of the defendant, CITY OF GRETNA, through defendants, LAWSON and CHRISTIANA.

25. The actions and omissions of the defendants as described herein were done with deliberate indifference to the constitutional rights of MATHINS. The defendants have acted maliciously, willfully, wantonly, and in reckless disregard of MATHINS' rights.

**(STATE LAW CLAIMS)**

26. The acts and omissions of the defendants as described herein were also done with negligence, gross negligence and/or intent, in violation of Louisiana statutory and constitutional law and with regard to MATHINS constituted assault, battery, intentional infliction of emotional distress and violated his rights under

Louisiana law to due process, La. Const. Art.; and to be free from unreasonable search and seizure, La. Const. Art. 5.

27. The defendant, CITY OF GRETNA, negligently hired, retained, supervised, failed to discipline and entrusted the defendants in violation of Louisiana law.

28. The acts and omissions of the defendants as described herein were within the course and scope of their employment and the defendant, CITY OF GRETNA, is vicariously liable for their acts and omissions in accordance with Louisiana law.

**(JOINT AND SEVERAL LIABILITY)**

29. The defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying or condoning the commission of the above described acts and/or omissions.

**(MALICIOUSNESS)**

30. The actions of the defendants as described above were done maliciously, wilfully, wantonly and/or in reckless disregard for the petitioner's constitutional rights.

**(PROXIMATE CAUSE)**

31. The actions of the defendants as described herein, were the proximate cause of MATHINS suffering severe physical injuries, including lacerations, hemorrhages, contusions and fractures ultimately resulted in his permanent injury.

## V. **DAMAGES**

32. As a result of the aforedescribed state law claims and Federal civil rights violations, MATHINS suffered permanent injury, disfigurement, pain and suffering, emotional distress, intentional infliction of emotional distress, loss of enjoyment of life, mental anguish and past, present and future medical expenses for which he is entitled to general, special and punitive damages.

33. Petitioner seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 for his civil rights violations.

34. Petitioner seeks judicial interest and for the defendants to bear all costs of these proceedings.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE,** the petitioner, **ELI MATHINS**, prays that the defendants be duly cited and served with copies of the above and foregoing, made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the Louisiana state claims, and after due proceedings there be judgment in his favor and against the defendants, **THE CITY OF GRETNA, POLICE CHIEF ARTHUR LAWSON, ANTHONY CHRISTIANA, JR.** and **ASHTON GIBBS**, holding them liable jointly,

severally and in solido for all general, special and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

    Respectfully submitted;

    /s/ *GARY W. BIZAL*
    **GARY W. BIZAL (#1255)**
    639 Loyola Avenue, Suite 1820
    New Orleans, Louisiana 70113
    (504)525-1328 Telephone
    (504)525-1353 Fax
    Attorney for Petitioner, ELI MATHINS

**SERVICE VIA WAIVERS ON:**

The City of Gretna
through its agent for service:
Ronnie C. Harris, Mayor
Gretna City Hall, Room 102
2nd Street and Huey P. Long
Gretna, LA

Police Chief Arthur Lawson
Gretna Police Department
200 Fifth St.
Gretna, LA

Supervisor Anthony Christiana, Jr.
Gretna Police Department
200 Fifth St.
Gretna, LA

Police Officer Ashton Gibbs
Gretna Police Department
200 Fifth St.
Gretna, LA